IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Curtis L. King, ) | C/A No. 0:14-1677-RBH-PJG |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| SC Dept of Corr, ) | |
| Respondent. ) | |

The Petitioner, Curtis L. King ("Petitioner"), a self-represented state prisoner, brings this action seeking a writ of mandamus against a state agency. (ECF No. 1 at 10.) Petitioner is an inmate at Lee Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

I.      **Factual and Procedural History**

Petitioner seeks a writ of mandamus to compel the South Carolina Department of Corrections ("SCDC") to correct his "illegal sentence." (ECF No. 1 at 1.) The sentence to which Petitioner refers is related to indictments for armed robbery ("00-GS-23-6736") and attempted armed robbery ("00-GS-23-1171"). (Id. at 2.) The Petition discusses actions by the trial court and state appellate courts. (Id. at 2-3.)

On May 19, 2014, the court issued an order directing Petitioner to provide the information necessary for initial review of this case. (ECF No. 6.) Specifically, Petitioner was notified of the respective filing fees for a petition for a writ of mandamus ($400) and a petition for a writ of habeas

corpus ($5) and directed to submit a signed application to proceed *in forma pauperis*, if he believed himself indigent. (Id. at 1.) Petitioner was further directed to provide service documents only if he intended to proceed with this action as a writ of mandamus. (Id. at 2.) Petitioner responded to the order by submitting a handwritten application to proceed without prepaying fees or costs with "Writ of Mandamus" in the caption. (ECF No. 2-2 at 1.) Petitioner also submitted service documents and an order from the South Carolina Supreme Court dismissing his third application for post-conviction relief and prohibiting Petitioner from filing any further collateral actions challenging his 2001 convictions for armed robbery and attempted armed robbery. (ECF Nos. 8, 9.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune



from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint or petition "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition or complaint, the Petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleading to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a pleading to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

Under 28 U.S.C. § 1361, federal district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Thus, on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees. See United States v. Oncology Assocs., 198 F.3d 502, 510 (4th Cir. 1999). Further, 28 U.S.C. § 1651, the "all writs statute," is limited to cases where federal courts are acting in aid of their respective jurisdictions. See 28 U.S.C. § 1651; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 nn.2-4 (4th Cir. 1969).

In the instant case, Petitioner asks the court to compel the correction of his state sentence[2] by a state agency or state officials.[3] However, this court lacks jurisdiction under §§ 1361 or 1651

---

[2] Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Petitioner has already challenged the convictions associated with his indictments for armed robbery and attempted armed robbery via a habeas petition in this court. See King v. Warden McCormick Corr. Inst., C/A No. 9:07-104-TLW-GCK, 2007 WL 3181292 (D.S.C. Oct. 29, 2007) (granting respondent's motion for summary judgment). Before this court may consider a second or successive petition under 28 U.S.C. § 2254, a petitioner must obtain Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005); see also 28 U.S.C. § 2244(b). Thus, to the extent Petitioner may be attempting to challenge the armed robbery and attempted armed robbery convictions in the instant case, such an action is subject to summary dismissal as a successive habeas petition. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).

[3] Petitioner listed Director McCall and SCDC on his summons and Form USM-285. (ECF No. 8.) Petitioner also listed Director McCall and Warden Bush on his application to proceed *in forma pauperis*. (ECF No. 2-2.) However, Petitioner did not name these individuals as respondents in the caption of the Petition. (ECF No. 1.) To the extent Petitioner intended to name these individuals as respondents in this case, they would likewise be entitled to summary dismissal.



to grant such relief.  See In re Ridgway, No. 95-8002, 1995 WL 227268, at *1 (4th Cir. April 18, 1995) ("This Court will not direct the action of state actors through mandamus.").  Therefore, the instant Petition for a writ of mandamus is subject to summary dismissal.

### III.     Conclusion and Recommendation

Accordingly, the court recommends that the Petition be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 7, 2014
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).