UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Curtis L. King, | ) | Civil Action No.: 0:14-cv-1677-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| S.C. Dept. of Corr., | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, currently incarcerated at Lee Correctional Institution in Bishopville, South Carolina and proceeding *pro se*, brought this action seeking a writ of mandamus against the S.C. Department of Corrections to correct an alleged illegal sentence.

This matter is before the court with the Report and Recommendation [Docket Entry #14] of Magistrate Judge Paige J. Gossett filed on July 7, 2014.[1] The Magistrate Judge recommended summary dismissal of the petition finding the federal court lacks jurisdiction to compel the action of state actors or a state agency through mandamus. Petitioner timely filed Objections [Docket Entry #16] to the Magistrate Judge's Report and Recommendation. Petitioner also filed a motion [Docket Entry #17] to amend his mandamus petition.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

The Magistrate Judge recommended summary dismissal of the Petitioner's petition for a writ of mandamus to correct an illegal sentence finding that federal district courts lack jurisdiction to issue writs compelling the action of state agencies or officials. Under 28 U.S.C. § 1361, federal district courts are granted original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Magistrate Judge found that "on its face, § 1361 extends federal mandamus jurisdiction only to federal officers or employees." [Report and Recommendation, at 4, Docket Entry #14]; *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). Further, 28 U.S.C. § 1651, the "all writs statute," is limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651. Because Petitioner is seeking to compel the

action of a state agency to correct an alleged illegal sentence, the Magistrate Judge found that the federal district court lacked jurisdiction to grant such relief under 28 U.S.C. §§ 1361 and 1651.

In his Objections, Petitioner appears to argue that the S.C. Department of Corrections is an employee of the United States. Petitioner is mistaken. The S.C. Department of Corrections is an agency of the State of South Carolina created by S.C. Code Ann. § 24-1-30, which states:

> There is hereby created as an administrative agency of the State government the Department of Corrections. The functions of the Department shall be to implement and carry out the policy of the State with respect to its prison system, as set forth in § 24-1-20, and the performance of such other duties and matters as may be delegated to it pursuant to law.

S.C. Code Ann. § 24-1-20.

Petitioner also appears to argue that the Court has discretion to reduce his sentence under Rule 35 of the Federal Rules of Criminal Procedure. However, the Federal Rules of Criminal Procedure do not apply to Petitioner's case nor can Petitioner accomplish a reduction in his state court sentence via Rule 35 of the Federal Rules of Criminal Procedure. The Federal Rules of Criminal Procedure apply only to "criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States." Fed. R. Crim. P. 1(a). The Federal Rules of Criminal Procedure, therefore, do not apply to cases where state prisoners are requesting relief from their state court sentences.

Petitioner finally argues that sentence reduction is in aid of the court's respective jurisdiction and the federal district court has the authority to reduce a sentence "at any time when another court lacks sensitivity." [Objections to Report and Recommendation, at pg. 2, Docket Entry #16]. However, as the Magistrate Judge noted in footnote 2 of the Report and Recommendation, habeas

corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Petitioner has already challenged his state convictions via a habeas corpus petition, *See King v. Warden McCormick Corr. Inst.*, C/A No. 9:07-104-TLW-GCK, 2007 WL 3181292 (D.S.C. Oct. 29, 2007) (granting respondent's motion for summary judgment), he must obtain Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit before this Court will consider a second or successive petition under 28 U.S.C. § 2254. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005); *see also* 28 U.S.C. § 2244(b).

## Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Petitioner's objections and finds that they are without merit. The court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #14] of the Magistrate Judge. Petitioner's petition for writ of mandamus is **DISMISSED without prejudice** and without issuance and service of process. Petitioner's motion [Docket Entry #17] to amend his writ of mandamus is **DENIED as moot**.

    **IT IS SO ORDERED**.


Florence, South Carolina            s/ R. Bryan Harwell
November 13, 2014            R. Bryan Harwell
           United States District Judge